IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW N. JONES, | : |
| Plaintiff, | : |
| v. | : Civ. No. 16-410-RGA |
| CRISIS INTERVENTION SERVICES, | : |
| Defendant. | : |

Matthew N. Jones, Greenwood, Delaware. *Pro Se* Plaintiff.

Joseph Clement Handlon, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

March 6, 2017
Wilmington, Delaware

*/s/ Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

Plaintiff Matthew N. Jones, who appears *pro se,* filed this action on June 6, 2016. (D.I. 1).[1] Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and, in turn, Plaintiff moves for summary judgment. (D.I. 4, 8). Briefing on the motions is complete.

## BACKGROUND

The Complaint alleges violations of 18 U.S.C. § 241 and § 1035, as well as violations of the First and Eighth Amendments to the United States Constitution, from September 2015 through December 2015. The Complaint asserts jurisdiction by reason of a "U. S. Government Defendant." The civil cover sheet states that the nature of claim is assault, libel, and slander. Plaintiff alleges that he was falsely diagnosed with mental illness, that he was medicated and injected against his will, and there was an attempt to commit, or hospitalize, him long-term. Plaintiff alleges that his medical records are shared without his consent and are communicated without his authority. The Complaint also references Plaintiff's birth mother. Plaintiff seeks compensatory damages.

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that this Court lacks jurisdiction, and the Complaint fails to state any plausible claims. Defendant notes that this action appears to be largely identical to *Jones v. Mirza*, Civ. No. 15-1017-RGA, as well as other cases filed by Plaintiff.

---

[1] Plaintiff has filed several lawsuits raising claims related to his mental health. *See Jones v. Town of Georgetown*, Civ. No. 15-201-RGA (D. Del.), filed March 3, 2015; *Jones v. Delaware Bd. of Med. Licensure and Discipline*, Civ. No. 15-203-RGA, (D. Del.), filed Mar. 3, 2015; *Jones v. Mirza*, Civ. No. 15-1017-RGA (D. Del.), filed Nov. 4, 2015; and *Jones v. Crisis Intervention Services,* Civ. No. 16-005-RGA (D. Del.), filed Jan. 7, 2016.

Plaintiff opposes the motion to dismiss and moves for summary judgment, noting that he has sued for personal injury, assault, libel, and slander and that Defendant is a government agency. In his motion for summary judgment, plaintiff describes his claims as arising under: (1) 18 U.S.C. § 1035, false statements relating to health care matters; (2) 18 U.S.C. § 242, deprivation of rights under color of law; (3) 18 U.S.C. § 249, hate crimes prevention act; and (4) 18 U.S.C. § 241, conspiracy against rights. (See D.I. 8 at pp.3-5).

## STANDARDS OF LAW

Plaintiff proceeds *pro se* and, therefore, his pleadings are liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Constitution Party v. Aichele,* 757 F.3d 347, 357-58 (3d Cir. 2014). "In reviewing a facial attack, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *Id.* at 358 (quoting *In re Schering Plough Corp.*, 678 F.3d 235, 243 (3d Cir. 2012)). In reviewing a factual attack, the court may consider evidence outside the pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977).

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most

favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## DISCUSSION

### Motion to Dismiss

The Complaint alleges jurisdiction by reason of a U.S. government defendant, but no such defendant has been named. While the Complaint invokes numerous federal criminal statues and Plaintiff has referred to additional ones in his motion for

summary judgment (*e.g.*, 18 U.S.C. §§ 241, 242, 249, 1035), they do not serve to vest this Court with jurisdiction and Plaintiff lacks standing to proceed under those statutes. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision whether to prosecute, and which criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

In addition, the Court does not have jurisdiction by reason of diversity. The Complaint states that Plaintiff and Defendant are citizens of the State of Delaware. Therefore, the requisites for diversity jurisdiction are not met. *See* 28 U.S.C. § 1332(a)(1).

Finally, the Complaint refers to violations of Plaintiff's First and Eighth Amendment rights to the United States Constitution. It may be that Plaintiff attempts to raise a federal question, although it seems from his pleadings that this is not the case. The Complaint does not contain allegations to explain why Plaintiff invoked the First and Eighth Amendments. Regardless, to the extent the Complaint attempts to raise constitutional claims pursuant to 42 U.S.C. § 1983[2] against Defendant, a State actor, it is immune from suit. The "State of Delaware Department of Health and Social Services ('DHSS') is a State agency with the mission of promoting the health and well-being of

---

[2]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

4

vulnerable populations within the State." *Doctors Pathology Servs. P.A. v. State Div. of Pub. Health, Dep't of Health & Soc. Servs.*, 2009 WL 4043299, at *1 (Del. Ch. Nov. 20, 2009). DHSS' Division of Substance Abuse and Mental Health operates Defendant Crisis Intervention Services, located throughout the State of Delaware, including Ellendale, the location referred to in this action. *See* http://dhss.delaware.gov/dsamh/crisis_intervention.html (Mar. 2, 2017). Thus, Crisis Intervention Services is an agency of the State of Delaware.

The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Accordingly, Defendant is immune from suit under the Eleventh Amendment. *See, e.g., State of Delaware Dep't of Health and Social Services v. Sheppard*, 864 A.2d 929 (Del. 2004) (table) (sovereign immunity not waived in case against State by patient who was in the care of the State psychiatric facility).

In addition, to state a viable § 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986). The claims against Defendant are barred by *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69 (1989), which holds "that neither states nor state officials sued in their official capacities for money damages are 'persons' within the meaning of § 1983." *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

Defendant is immune from suit, and thus the Complaint fails to state a claim upon relief may be granted against it. Accordingly, the Court will grant Defendant's motion to dismiss.

To the extent Plaintiff intends to raise constitutional claims, it is appropriate to dismiss all claims against Defendant based upon its immunity from suit. To the extent this is not Plaintiff's intent, the Complaint does not raise a federal question and dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) for want of jurisdiction.

Finally, after thoroughly reviewing the Complaint and taking note of the very similar claims Plaintiff raised in *Jones v. Mirza*, Civ. No. 15-1017-RGA,[3] the Court concludes that it would be futile to grant leave to amend. The instant Complaint consists of claims for which Defendant is immune, and which fail to state a claim upon which relief may be granted.

Because the Complaint does not raise a federal question, and the Complaint fails to state a claim upon which relief may be granted, dismissal is appropriate pursuant to Rules 12(b)(1) and 12(b)(6). Therefore, the Court will grant Defendant's motion to dismiss.

## Motion for Summary Judgment

The Court will dismiss Plaintiff's motion for summary judgment as moot. (D.I. 8). The Court does not have jurisdiction, and no viable claim has been stated.

---

[3]In *Jones v. Mirza*, the Court dismissed original complaint, gave Plaintiff leave to amend, and then dismissed the amended complaint upon motions to dismiss filed by Defendants as the Court lacked of jurisdiction and the amended complaint failed to state a claim upon which relief may be granted. *See* Civ. No. 15-1017-RGA at D.I. 70, 71, 89, 90. Plaintiff has appealed. *See Jones v. Mirza*, No. 17-1201 (3d Cir. 2017) (currently pending).

6

## CONCLUSION

For the above reasons, the Court will: (1) grant Defendant's motion to dismiss (D.I. 4); and (2) dismiss Plaintiff's motion for summary judgment (D.I. 8) as moot. Amendment is futile.

An appropriate order will be entered.